IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
DIVISION

| | | |
|---|---|---|
| **John D. Gugliotta** | ) | Case No. |
| c/o Gugliotta & Gugliotta, LPA | ) | |
| 3020 W. Market Street | ) | |
| Fairlawn, OH 44333 | ) | Judge: |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT FOR** |
| v. | ) | **TRADEMARK INFRINGEMENT,** |
| | ) | **UNFAIR COMPETITION AND** |
| | ) | **UNFAIR BUSINESS PRACTICES** |
| | ) | |
| **Davison Design & Development, Inc.** | ) | *(Jury demand endorsed hereon)* |
| c/o Frank Vescio, President | ) | |
| RIDC Park | ) | |
| 595 Alpha Drive | ) | |
| Pittsburgh, PA 15238-2911 | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

NOW COMES the Plaintiff, *John D. Gugliotta, P.E., Esq.* and for his Complaint against the Defendant Davison Design & Development, Inc. alleges as follows:

## THE PARTIES

1.      The Plaintiff is an individual, a licensed professional engineer, and an attorney, licensed with the State of Ohio, and a licensed patent attorney before the United States Patent and Trademark Office. The Plaintiff lives in Summit County and has his principal place of business in Fairlawn, Ohio, which is in Summit County.

2.      Upon information and belief, the Defendant is a corporation organized in 1989 under the laws of the State of Pennsylvania as Davison& Associate Inc., and current operates under the name Davison Deign & Development, Inc. at a principal place of business at RIDC Park, 5956 Alpha Drive, Pittsburgh, PA 15238-2911.

## JURISDICTION AND VENUE

3.      This is an action for trademark infringement for damages, injunctive relief and other

relief for violations of 15 U.S.C. §1114; 15 U.S.C. §1125(a); 15 U.S.C. §1125(b);  and for

related claims arising under the State of Ohio's Deceptive Trade Practices Act, RC 4165.01 et

seq.

4.      The Court has jurisdiction of this action under 15 U.S.C. §1121 and 28 U.S.C. §§1131,

1338 and 1367.  The Court has subject matter over this matter because the Plaintiff states a claim

for federal trademark infringement, 15 U.S.C. § 1125(a); §43(a) of the Lanham Act.  This Court

also has supplemental jurisdiction over the claims in the Complaint which arise under the

statutory and common law of the State of Ohio pursuant to 28 U.S.C. § 1367(a), because the

state law claims are so related to the federal claims that they form part of the same case or

controversy and derive from a common nucleus of operative facts.

5.      Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. §1391(b)(2)

and/or 28 U.S.C. § 1400(b) because a substantial part of the events giving rise to the claims

occurred in this judicial district including, *inter alia*, the Plaintiff's procurement of the Mark

within this district.   Further, the Defendant is subject to personal jurisdiction in this district, and

the infringement occurred within this judicial district.

6.      In addition, or in the alternative to this Court's federal question jurisdiction, this Court

also has subject matter jurisdiction pursuant to diversity of citizenship principles as the parties

are from different states and the amount in controversy exceeds $75,000.

7.      This Court has personal jurisdiction over the Defendant by virtue of their sale of

products, transaction of business, sufficient minimum contacts, and solicitation of business

within the State of Ohio, within this judicial district and elsewhere.

8.      Ohio's Long-Arm Statute, RC § 2307.382(A)(1), provides that "A court may exercise

personal jurisdiction over a person who acts directly or by an agent, as to a cause of action

arising from the person's: (1) Transacting any business in this state." In this case, the Defendant transacts business in this state.  The Defendant advertised to clients and sells its services in this state.

9.     Ohio's Long-Arm Statute, RC § 2307.382(A)(2), provides that "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (2) Contracting to supply services or goods in this state."  In this case, the Defendant contracts to supply goods in this state.  The Defendant supplies infringing services in this state.

10.     The Defendant here offers for sale its services through online advertising and through the website www.davison.com where inventors can submit invention disclosures for the purpose of obtaining Defendant's services in monetizing inventions.  Websites with similar features have been found to satisfy the 'purposeful availment' requirement of the "minimum contacts" analysis satisfying due process.  See, e.g., Solar X Eyewear, LLC v. Bowyer, 2011 WL 3418306 (ND Ohio Aug. 4, 2011); Wood v. 1-800-Got-Junk?, LLC, 2007 WL 895008 (SD Ohio March 22, 2007); V Secret Catalogue v. Zdrok, 2003 WL 22136303 (SD Ohio Aug. 29, 2003); Bath and Body Works, Inc. v. Wal-Mart Stores, Inc., 2000 WL 1810478 (SD Ohio Sep. 12, 2000). Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2) and/or 28 U.S.C. § 1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, the Defendants are subject to personal jurisdiction in this district, and infringement occurred within this judicial district.  Further, the Plaintiff, and his witnesses and evidence, are located in this district.  Venue is proper here.

## FACTUAL ALLEGATIONS

11.     Since becoming a licensed patent professional in 1994, the Plaintiff has provided a range of professional legal services and specializes in the area of patent applications and prosecution.

12.     On or about November 11, 2021, an Asset Purchase Agreement was executed between

Plaintiff and Larry J. McClatchey, bankruptcy trustee pursuant to authority under the bankruptcy matter *In re Idea Buyer, LLC., Case No. 20-53411 before the United States Bankruptcy Court, Southern District of Ohio, Eastern Division (the "Asset Purchase Agreement").*

14.      Pursuant to the Asset Purchase Agreement negotiated and executed in the  Southern District of Ohio, Plaintiff is now the owner of, *inter alia*, U.S. Trademark Registration 5,780,117 for the mark IDEA BUYER® (the "Mark") and the domain www.IdeaBuyer.com.

15.  Currently, Plaintiff offers legal services through various means, including through the domain www.IdeaBuyer.com.

16.      Defendant uses the Mark in their online advertising including:

Ad · http://idea.davison.com/

**Idea Buyer is Closed Forever - Transfer Your Idea to Davison**

Free **Invention** Info - We help turn Ideas Into Products. Learn more today! Winner of numerous design awards for innovative product design. We protect your idea.

Inventor Information · Davison Difference · Contact Davison · Client Inventions

17.      On information and belief, Defendant has a long history of misleading consumers including, *inter alia*, <u>Federal Trade Commissioner v Davison & Associates, Inc., et al.</u>, Case 2:97-cv-01278 (Western District of PA) in which a Consent Order for Permanent Injunction was entered into. See Id., Document 292 Filed 07/14/2008 (the Consent Order).

Under the Consent Order, Defendant has agreed to, *inter alia:*

> **I.**          **MISREPRESENTATIONS PROHIBITED**
>
>> **IT IS HEREBY ORDERED** that Defendants are enjoined from making, or assisting others in making, any <u>material false representation or material omissions in connection with providing any research, patent, marketing, and/or invention-promotion services</u>..."

18.      Further under the Consent Order, Defendant was ordered to pay a fine of twenty-six million dollars ($26,000,000).

19.     Plaintiff is currently asserting that Defendant has infringed and are infringing Plaintiff's federally registered trademark.

20.     Defendant is also in violation of the Consent Order in using a material false representation or material omission in connection with their services.

21.     Further, the Defendant has unfairly misused Plaintiff's registered mark by the use of "IDEA BUYER" in connection with their infringing business services, namely, the use of "IDEA BUYER" in the advertising of their paid ad description and elsewhere.

22.     The Defendant's use of the IDEA BUYER Mark is colorable imitation of Plaintiff's Mark and cause confusion in the marketplace.

23.     On information and belief, Defendant's use of the Mark is intended to cause confusion in the marketplace.

24.     Such confusion and/or dilution becomes engrained, iterative and self-perpetuating within the internet, causing further confusion and/or dilution ad infinitum.

25.     The Defendants were not and are not authorized by the Plaintiff in any way to use the Plaintiff's federally registered marks.

### CLAIM NO. 1
*(Federal Trademark Infringement; Unfair Competition*
*15 U.S.C. §1114 (§32 of the Lanham Act)*

26.     Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

27.     The Defendant's use in commerce of a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's IDEA BUYER® registered mark in connection with the sale, offering for sale, distribution or advertising of services provided by Defendant has been done in such a manner as to be likely to cause confusion, mistake, or deceive.

28.     Defendant's actions were committed with knowledge that the imitation was intended to be used to cause confusion, mistake or to deceive.

29.     Plaintiff is entitled to injunctive relief under 15 U.S.C. §1116 and recovery of damages from Defendant pursuant to 15 U.S.C. §1117.  Damages recoverable are three times the actual damages sustained by Plaintiff, Defendants profits and the costs of the action, together with Plaintiff's attorney fees or in the alternative, damages in such sum as the court may find to be just according to the circumstances of the case, or in the alternative, at the election of Plaintiff, statutory damages in an amount not to exceed two hundred thousand dollars ($200,000.00).

## CLAIM NO. 2
*(Federal Trademark Infringement; Unfair Competition*
*15 U.S.C. § 1125(a) (§43(a) of the Lanham Act)*

30.     The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

31.     Defendant's use of the term IDEA BUYER in relation to their services is likely to cause confusion with Plaintiff's mark, IDEA BUYER®.

32.     Defendant's use of the term IDEA BUYER in relation to their services is likely to cause mistake between Plaintiff's mark, IDEA BUYER®.

33.     Defendant willfully intended to trade on Plaintiff's reputation and/or cause dilution of Plaintiff's mark by their use of the terms IDEA BUYER.

34.     Plaintiff is entitled to injunctive relief under 15 U.S.C.  §1116 and recovery of damages from Defendant pursuant to 15 U.S.C. §1117.  Damages recoverable are actual damages sustained by the Plaintiff, the Defendant's profits, and the costs of the action together with Plaintiff's reasonable attorney fees.  In the alternative, Plaintiff is entitled to recover damages in such sum as the court may find just according to the circumstances of the case.

## CLAIM NO. 3

*(Federal Trademark Infringement; Unfair Competition*
*15 U.S.C. § 1125(b) (§43(b) of the Lanham Act)*

35.    The Plaintiff hereby incorporates by reference each statement, whether written above or

below, as if each is fully re-written herein.

36.    Defendants willfully intended to trade on Plaintiff's reputation and/or cause dilution of

Plaintiff's mark by their use of the terms IDEA BUYER.

37.    Plaintiff is entitled to injunctive relief under 15 U.S.C. §1116 and recovery of damages

from Defendants jointly and severally, pursuant to 15 U.S.C. §1117.  Damages

recoverable are actual damages sustained by the Plaintiff, the Defendant's profits, and the

costs of the action together with Plaintiff's reasonable attorney fees. In the alternative,

Plaintiff is entitled to recover damages in such sum as the court may find just according

to the circumstances of the case. Plaintiff is entitled to injunctive relief under 15 U.S.C.

§1116 and recovery of damages from Defendants jointly and severally, pursuant to 15

U.S.C. §1117.  Damages recoverable are three times the actual damages sustained by

Plaintiff, Defendants profits and the costs of the action, together with Plaintiff's attorney

fees or in the alternative, damages in such sum as the court may find to be just according

to the circumstances of the case, or in the alternative, at the election of Plaintiff, statutory

damages in an amount not to exceed two million dollars ($2,000,000.00).

### CLAIM NO. 4
*(Ohio Unfair Competition O.R.C § 4165.01 et seq.)*

38.    The Plaintiff hereby incorporates by reference each statement, whether written above or

below, as if each is fully re-written herein.

39.     Defendant's conduct in the use of the term IDEA BUYER and other conduct as alleged

in the operative facts represents unfair business practices under RC §4165.01 et seq. for

which Defendant is liable for all damages proximately caused to Plaintiff.

40.    Plaintiff is further entitled to injunctive relief, treble damages and attorney fees under

said act.

**PRAYER FOR RELIEF / REQUEST FOR REMEDIES**

WHEREFORE, the Plaintiff prays that this Court enter an Order against Defendant:

A) That the court enter judgment in favor of Plaintiff against Defendants, jointly and severally, for all damages proximately caused by Defendants and further award Plaintiff his attorney fees and costs incurred in the prosecution of this action.

B) That the court find that Defendants have violated 15 U.S.C. §1114 and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 U.S.C. §1117 consisting of Defendant's profits since , any damages sustained by Plaintiff and the cost of the action;  said amount to be trebled;  that the court award Plaintiff his attorney fees; that the court in the alternative award damages in such amount as the court in its discretion shall find to be just; that the court in the alternative, if elected by Plaintiff, award statutory damages of $200,000.00 against Defendants.

C) That the court find that Defendants have violated 15 U.S.C. §1125(a) and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 U.S.C. §1117 consisting of Defendant's profits, any damages sustained by Plaintiff and the cost of the action; said amount to be trebled;  that the court award Plaintiff his attorney fees; that the court in the alternative award damages in such amount as the court in its discretion shall find to be just;  that the court in the alternative, if elected by Plaintiff, award statutory damages of $2,000,000.00 against Defendants.

D) A permanent injunction enjoining the Defendants from making, using, marketing or selling any product or service that infringes upon the Plaintiff's NATO trademarks;

E) That the court find that Defendants have violated 15 U.S.C. §1125 (b) and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 U.S.C. §1117 consisting of Defendant's profits, any damages sustained by Plaintiff and the cost

of the action;  said amount to be trebled; that the court award Plaintiff his attorney fees; that the court in the alternative award damages in such amount as the court in its discretion shall find to be just.

F)    That the court find that Defendants have violated RC 4165.01 et seq. and grant Plaintiff preliminary and permanent injunctive relief together with such damages as are proven at trial, said amount to be trebled; and that the court award Plaintiff his attorney fees and costs.

G)    That the court award such other and further relief as it deems just and equitable in the premise.

## JURY DEMAND

WHEREFORE, the Plaintiff requests a trial by jury on all issues so triable.


Most Respectfully Submitted,

*/s/ David A. Welling*

**DAVID A. WELLING (0075934)**
**C. VINCENT CHOKEN (0070530)**
*CHOKEN & WELLING*
Attorneys at Law
3020 West Market Street
Akron, Ohio 44333
Tel.    (330) 865 – 4949
Fax    (330) 865 – 3777


*Counsel for the Plaintiff*